IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRAD T. HOGGE,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  ) | Nos.  04-3197 & 05-3159 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Brad Hogge has filed a Motion for Issuance of Certificate of Appealability (Case No. 04-3197, d/e 7; Case No. 05-3159, d/e 5) (COA Request).  On June 29, 2005, Hogge filed a document entitled "Movant's Memorandum in Support of 28 U.S.C. § 2255" (Case No. 05-3159, d/e 1) (Petition).  This Court construed Hogge's submission as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  Because Hogge had previously filed a § 2255 petition and had not received permission from the Court of Appeals to file a successive collateral attack, the Court dismissed Hogge's Petition for lack of jurisdiction.  Case No. 05-3159, Text Order, July 7, 2005.  Hogge seeks to appeal this dismissal.  For

1

the reasons set forth below, Hogge's COA Request is denied.

On January 9, 2003, Hogge was charged in a one-count Indictment that alleged that he manufactured a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Hogge pleaded guilty pursuant to a written plea agreement on March 28, 2003. He was sentenced by this Court on September 5, 2003, to 118 months imprisonment to run consecutively with undischarged terms of imprisonment on state charges, followed by five years of supervised release. Hogge did not file a direct appeal.

On September 3, 2004, Hogge filed a Motion under 18 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Case No. 04-3197, (d/e 1). Hogge sought to collaterally attack his sentence based on Blakely v. Washington. Blakely, 542 U.S. 296 (2004). This Court dismissed his petition, holding that Hogge's conviction became final well before the Supreme Court's decision in Blakely, which the Court held to be non-retroactive on collateral review. Hogge did not appeal.

On June 29, 2005, Hogge filed his Petition in Case No. 05-3159. Hogge again sought to collaterally attack his sentence based on Blakely. Hogge also raised an ineffective assistance of counsel claim. The Court

2

dismissed Hogge's Petition for lack of jurisdiction, based on the fact that Hogge had previously filed a § 2255 petition and had not received permission from the Court of Appeals to file a successive collateral attack. Case No. 05-3159, Text Order, July 7, 2005. Hogge seeks to appeal this dismissal.

Appellate proceedings on collateral review cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner requests a COA, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2255 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for his Motion to be allowed, Hogge must show that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

Hogge contends that his June 29, 2005, submission was a motion for

3

reconsideration and supplemental memorandum in Case No. 04-3197. However, as the Seventh Circuit has recently noted "a motion under Fed.R.Civ.P. 60(b) must be treated as a collateral attack when the prisoner makes a 'claim' within the scope of [28 U.S.C.] § 2244(b)." United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (citing Gonzalez v. Crosby, 125 S.Ct. 2641 (2005)). Hogge's Petition did not raise a procedural question, but rather advanced substantive objections to his sentence. It was, therefore, a new collateral attack. Id. Paragraph 8 of § 2255, as amended by the Antiterrorism and Effective Death Penalty Act, requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244. Hogge did not receive authorization from the Court of Appeals to commence his successive attack. "From the district court's perspective, [the certification process] is an allocation of subject-matter jurisdiction to the court of appeals." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the Court of Appeals had not given approval for the filing, this Court lacked jurisdiction. Reasonable jurists would not debate this Court's dismissal of the Petition.

Further, to the extent Hogge seeks a COA in Case No. 04-3197, his request is untimely. Rule 11 of the Rules Governing § 2255 Proceedings;

4

Fed. R. App. P. 4(a).  Hogge's request for a COA is, therefore, denied.

THEREFORE, Hogge's Motion for Issuance of Certificate of Appealability (Case No. 04-3197, d/e 7; Case No. 05-3159, d/e 5) is DENIED.  These cases are closed.

IT IS THEREFORE SO ORDERED.

ENTER:  August 19, 2005.

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE